**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL C. KIMBROUGH,  ) | CASE NO.  1:13-CV-2299 |
|                         ) | |
| Petitioner,             ) | JUDGE GWIN |
|                         ) | |
| v.                      ) | MAGISTRATE JUDGE VECCHIARELLI |
|                         ) | |
| KIMBERLY CLIPPER, Warden, ) | |
|                         ) | **REPORT AND RECOMMENDATION** |
| Respondent.             ) | |
|                         ) | |
|                         ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Michael C. Kimbrough ("Kimbrough" or "Petitioner") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Kimbrough*, Case No. CR-11-546878-A (Cuyahoga County Oct. 3, 2011).  (Doc. No. 7-2.)  The State argues that Petitioner failed to file his petition within the one-year statute of limitations applicable to federal habeas petitions.  (Doc. No. 7.)  For the reasons set forth below, Petitioner's § 2254 petition should be DISMISSED.

**I.  Relevant State Proceedings**

In September 2011, Petitioner pleaded guilty to one count each of rape, felonious assault, and kidnaping.  (Doc. No. 7-2.)  Thereafter, the trial court sentenced Kimbrough to consecutive sentences totaling 18 years.  (Doc. No. 7-6.)  The trial court entered the judgment entry reflecting Petitioner's judgment and sentence on October 3, 2011.  (*Id*.)  Petitioner did not file a timely notice of appeal from his conviction and

sentence.

On November 16, 2011, Petitioner, *pro se*, filed a motion for leave to file a delayed appeal in the state appellate court. (Doc. No. 7-7.) On December 16, 2011, the state appellate court granted the motion. (Doc. No. 7-9 at Entry at 12/16/2011.) Thereafter, Kimbrough, through appointed counsel, filed an appellant's brief. (Doc. No. 7-10.) On June 28, 2012, the state appellate court affirmed Petitioner's conviction and sentence. (Doc. No. 7-12.) Petitioner did not file a notice of appeal to the Ohio Supreme Court.

On September 28, 2012, Petitioner filed an application to reopen his direct appeal pursuant to Rule 26(B) of Ohio's Rules of Appellate Procedure. (Doc. No. 7-13.) On October 24, 2012, the state appellate court denied the motion as "untimely on its face." (Doc. No. 7-15.) Kimbrough filed a motion for reconsideration (doc. no. 7-17), which the state appellate court denied (doc. no. 7-18). Kimbrough did not file a notice of appeal to the Ohio Supreme Court.

## II. Proceedings in this Court

On October 17, 2013, Kimbrough filed his § 2254 petition in this Court. (Doc. No. 1.) The petition was accompanied by a certificate of service reflecting that Kimbrough had placed the petition in the prison mailing system on October 7, 2013. (Doc. No. 1 at 6.) In April 2014, the State filed its Return of Writ, in which it argues that Kimbrough's petition is untimely. (Doc. No. 7.) Kimbrough did not file a Traverse.[1]

---

[1] This Court's initial order requires a petitioner in a habeas case to file a Traverse within 30 days of the date on which the State files its Return of Writ. (Doc. No. 6.) In this case, the State filed its Return of Writ on April 3, 2014. (Doc. No. 7.) Accordingly, Petitioner was required to file a Traverse by or on Monday, May 5, 2014 (because the

2

### III.  Law and Analysis

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), Congress enacted a period of limitations for the filing of habeas petitions.  The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).  Here, the State argues that Kimbrough's one-year statute of limitations expired in July 2013 and, thus, his petition is untimely.

The state appellate court affirmed Petitioner's conviction on June 28, 2012.  (Doc. No. 7-1.)  Rule 7.01(A)(1)(a) of the Rules of Practice for the Supreme Court of Ohio required Petitioner to file a notice of appeal in the Ohio Supreme Court within 45 days of that decision – by or on August 12, 2012.  Petitioner did not file a notice of appeal in the Ohio Supreme Court.  Accordingly, his conviction became final, for the purposes of the AEDPA statute of limitations, on August 12, 2012, and his one-year period of limitations

---

thirtieth day after the State filed its Return of Writ was Saturday, May 3, 2014).  *See* Fed. R. Civ. P. 6(a)(1)(C).

began to run on the next day, August 13, 2012. *See* Gonzales v. Thaler, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012). ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final . . . when this Court affirms a conviction on the merits or denies a petitioner for *certiorari*. For all other petitioners, the judgment becomes final . . . when the time for pursuing direct review in this Court, or in the state court, expires."). Thus, Petitioner's one-year statute of limitations expired one year later on August 11, 2013. Petitioner did not file his petition until October 7, 2013.[2] Thus, the petition is time barred unless statutory tolling sufficiently extends the period of limitations in this case.

Under 28 U.S.C. § 2244(d)(2), a "properly filed" application for state post-conviction or other relief tolls the running of the AEDPA statute of limitations until the state supreme court decides the case or declines review. Here, the single post-conviction motion filed by Petitioner was his Rule 26(B) Application, which he filed on September 28, 2012. The state appellate court, however, denied the application on the basis that it was untimely. (Doc. No. 7-15.) Accordingly, Kimbrough's Rule 26(B) Application was not "properly filed," and, thus, did not toll the one-year period of limitations. *See* Pace v. DeGuglielmo, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are "filing" conditions   Because the state court rejected petitioner's [motion for post-conviction relief] as untimely, it was not "properly filed," and he is not entitled to statutory tolling under § 2244(d)(2)."). Thus, nothing tolled Petitioner's one-year period of limitations, which expired on August 11, 2013.

---

[2] under *Houston v. Lack*, 487 U.S. 266, 271-72 (1988), Petitioner's habeas petition is deemed filed as of the date that he delivered it to prison officials for mailing.

4

The calculation above differs from the State's calculation in one way. In its motion, the State contends that Petitioner's conviction became final on November 2, 2011 – the date on which his time to file a notice of appeal from his conviction and sentence expired. According to the State, Petitioner's one-year period of time ran between that date and November 16, 2011 – the date on which Kimbrough filed his motion for leave to file a delayed appeal. The State's argument is incorrect. It is well established that, where, as here, a state appellate court reopens a petitioner's direct appeal, the petitioner's conviction does not become final – for purposes of calculating AEDPA's one-year period of limitations – until the conclusion of the reopened appeal. *Jimenez v. Qaurterman*, 555 U.S. 113, 121 (2009) ("We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of- time direct appeal, or the expiration of the time for seeking review of that appeal."). Accordingly, as discussed above, Petitioner's conviction did not become final until August 12, 2012, 45 days after the state appellate court affirmed his conviction and sentence in his reopened appeal.

Petitioner's one-year period of limitations expired on August 11, 2013.[3] Kimbrough did not file his § 2254 petition until October 7, 2013, nearly two months later. Although

---

[3] August 11, 2013 was a Sunday. Accordingly, under Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, Kimbrough's one-year period of limitations expired on Monday, August 12, 2013.

the one-year period of limitations is subject to equitable tolling, *see* Holland v. Florida, 560 U.S. 631, 645 (2010), Petitioner did not file a Traverse or otherwise respond to the State's argument that his petition was untimely filed.  Accordingly, he offers no argument that he is entitled to such tolling.  Thus, his petition is untimely, and should be dismissed.

## IV.  Conclusion

For the reasons given above, petition should be dismissed with prejudice as untimely filed.

Date: July 7, 2014                                          */s/ Nancy A. Vecchiarelli*
                                                                United States Magistrate Judge


## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See* United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  *See also* Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**